MARY A. SCHANCK, EXECUTRIX, ETC., OF DANIEL S. SCHANCK, DECEASED, RESPONDENT, v. THE MAYOR, ETC., OF THE CITY OF NEW YORK, APPELLANT.

THE NEW YORK DISPENSARY, RESPONDENT, v. THE SAME.

*Common council of city of New York — power of, to make leases — reasonable rent under — § 18, chap. 335 of 1873.*

Under section 18 of chapter 335 of 1873, providing that the common council of the city of New York shall have no power to "make a lease of any real estate or franchise, save at a reasonable rent;" the decision of the question as to whether or not the rent reserved is a reasonable one is left to the discretion of the common council, and, in the absence of fraud or collusion, its decision is conclusive.

APPEALS from judgments in favor of the plaintiffs in the above entitled actions, entered upon the trial thereof by the court without a jury.

The actions were brought to recover the rent accruing upon leases to the city. In both cases the leases were executed in obedience to resolutions, duly adopted by the common council and approved by the mayor, and in both cases the city had been in possession of the demised premises ever since the commencement of the respective terms, and had paid no rent therefor.

The defendant set up, in its answer, that the common council had no power to take or make a lease of any real estate, save at a reasonable rent, "and that the rent alleged in said complaint to be reserved

by the lease therein set forth is not a reasonable rent of the premises therein described, but is, on the contrary, grossly exorbitant."

Upon the trial the defendants offered to prove what was the reasonable rental value of the demised premises, which evidence was, upon the plaintiff's objection thereto, excluded by the court.

*A. J. Requier*, for the appellants.

*A. C. Brown*, for the respondents.

*Per Curiam:*

These appeals were argued together, as they both involve the same question. On the trial the court below pronounced the following opinion :

" Lawrence, J. I think that the objection to the evidence offered by the defendants, as to the rental value of the premises, is well taken. Under the eighteenth section of the charter, the common council have, it appears to me, a discretion in determining whether the rent demanded upon the execution of a lease to the city is or is not reasonable, and, in the absence of fraud or collusion, their determination on this point is conclusive.

In this case there is no allegation of fraud or collusion, but it is alleged that the rent is exorbitant. If the construction which is contended for by the learned counsel for the city is correct, every person who executes a lease to the city will be liable, at any time during the term, to be called upon to show, not only that the lease was duly and honestly entered into, and that the common council considered the rent reserved by the lease " a reasonable rent," but that, *in point of fact*, and according to the opinion of experts, such rent *is* reasonable.

Such cannot, I think, be the true construction of the eighteenth section of the charter. By that section, the common council are prohibited from making a lease, etc., " save at a reasonable rent." If they are guilty of fraud or of collusion with the lessor, such fraud or collusion would be a defense; but an error on their part as to the reasonableness of the rent, not alleged to have been willfully committed, in my opinion, cannot be urged as a defense. The true rule applicable to this case seems to be that stated in the case of *The*

*New York and Harlem Railroad Company* v. *The Mayor of New York* (1 Hilton, 562–588) : " Courts are bound to assume that where a discretion is vested in a municipal body, exercising functions of a legislative character, good reasons existed for the adoption of a regulation or ordinance which was the result of such a discretion."

If, from the amount of the rent reserved, the city authorities have reason to believe that these leases were fraudulently procured, or are the result of a collusion or conspiracy, the fraud should have been alleged, and the answers may now be amended in that respect, on a proper application at the chambers of the court, if the defendant shall be advised that the facts justify them in making such an application. The objection to the evidence, as the pleadings now stand, must be sustained."

The city charter recognized the authority to take leases of real estate for the uses of the city, or its departments. As one of the powers of the common council, a limitation is imposed upon the exercise of this power by section 18 of chapter 335 of the Laws of 1873, which is in these words :

" The common council shall have no power to impose taxes or assessments, or borrow money or contract debts, or loan the credit of the city, or take or make a lease of any real estate or franchise, save at a reasonable rent, and for a period not exceeding five years, unless specially authorized so to do by act of the legislature."

By section 14 of the same act, it is required that three-fourths of all the members of the common council must concur in the resolution to lease real estate.

Section 16 provides that no resolution of the common council for the appropriation and expenditure of public moneys, or authorizing the incurring of any expense, shall be passed or adopted until at least five days after an abstract of its provisions shall have been published in the City Record, and that no such resolution shall be approved by the mayor until three days after such abstract shall have been published after its passage.

These safeguards are thrown around the exercise of the power to take leases of real estate, and were intended to secure careful deliberation and the concurrence of three-fourths of the common council, in the consideration of the various questions touching the propriety

of making such leases, amongst which is, of course, the reasonableness of the rent. The mayor and common council are thereby, of necessity, in the exercise of their sound discretion, made judges whether the rent to be paid is a reasonable one, and it was not the intention of section 18, above quoted, to subject that question to trial by a court and jury, unless fraud and collusion be alleged. The restriction imposed by the eighteenth section is intended to be an interdiction of an act, the doing of which subjects the common council, or such of its members as are guilty of the wrong, to punishment for a criminal offense, and though as to some of the acts interdicted the action of the common council will be void, because no discretion is permitted, yet, where discretion is necessarily involved, another rule must apply, and the question of validity must depend upon the presence or absence of fraud or collusion. The question of "reasonable rent" in any lease taken for a term within the limited period of five years, is necessarily one of the latter class, and to overthrow such a lease, fraud or collusion must be averred and proven. Under such an averment, the question whether the rent to be paid is exorbitant or not is, of course, one element of proof, and it is easy to imagine a case where the amount of the rent alone might be strong and satisfactory proof of the allegation of fraud and collusion. In these cases, the answers aver in substance, only that the rent reserved in the leases is not a reasonable, but is an exorbitant one, and the offer at the trial was, in substance, to submit the mere question of reasonableness to the jury. The court excluded that evidence, for the reasons assigned in the opinion of LAWRENCE, J.

We concur in his opinion, and order that the judgments be affirmed.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgments affirmed.